IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff

VS.                                                            NO. 2:25-cr-20280

JACOB HALLIBURTON,

    Defendant

## MOTION FOR DETENTION HEARING BASED UPON CHANGED CIRCUMSTANCES

Comes now the Defendant, Jacob Halliburton, by and through counsel, Howard L. Wagerman, and respectfully moves this Honorable Court to reopen the detention hearing previously conducted in this matter pursuant to 18 U.S.C. § 3142(f)(2)(B), based upon information not known at the time of the original hearing and material changes in circumstances bearing upon whether conditions of release can reasonably assure Defendant's appearance and the safety of the community. In support thereof, Defendant would show as follows:

A district court may reopen a detention hearing if information exists that was not known to the movant at the time of the original hearing and that has a material bearing on the issue of whether conditions of release will reasonably assure the defendant's appearance as required and the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B); *United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012). The newly discovered information must be of such a nature that it increases the likelihood that the defendant will appear as required and

1

demonstrates that the defendant poses less of a risk than originally believed. *United States v. McRae*, 2020 U.S. Dist. LEXIS 169511 (N.D. Ohio 2020).

Since the Court's original detention determination, the Government has filed a Superseding Indictment adding additional defendants, including Defendant's significant other. As a result, the scope and complexity of this case have substantially increased. The addition of multiple defendants has necessarily delayed the progression of the case, as newly added defendants require sufficient time to review extensive discovery, consult with counsel, and prepare their defenses.

Further, the Government continues to produce additional discovery, which is voluminous in nature and requires substantial time for review by defense counsel. The ongoing production of discovery demonstrates that this matter is far from trial-ready and will require considerable additional preparation by all parties.

The Court has now scheduled this matter for trial in February 2027. Consequently, Defendant faces an extended period of pretrial detention before any determination of guilt or innocence. At the time of the original detention hearing, neither the filing of the Superseding Indictment nor the resulting delay in trial proceedings was known or anticipated.

Defendant has already been detained for a substantial period of time and, absent release, will remain incarcerated for many additional months before trial. The anticipated length of pretrial detention in this case is significantly greater than what was contemplated at the time of the original detention hearing. The delay is attributable largely to the filing of the Superseding Indictment, the addition of new defendants, and the continuing production of voluminous

discovery rather than any conduct by Defendant. While Defendant recognizes that detention may be appropriate in certain circumstances, the increasingly lengthy period of incarceration before trial is a factor that weighs in favor of reopening the detention hearing and reconsidering whether conditions can reasonably assure Defendant's appearance and the safety of the community.

Defendant is presently the only defendant in this case who remains in custody.

The Court's prior detention ruling was based primarily upon Defendant's history of failures to appear. However, that concern can be adequately addressed through the imposition of electronic monitoring. Defendant submits that electronic monitoring would reasonably assure his appearance at future court proceedings while also addressing the concerns previously expressed by the Court.

Given the substantial delay in the anticipated resolution of this matter, the continuing production of voluminous discovery, the filing of the Superseding Indictment, and the availability of electronic monitoring to address concerns regarding appearance, Defendant respectfully submits that a reopening of the detention hearing is warranted under 18 U.S.C. § 3142(f)(2)(B). Counsel has consulted with the AUSA on this request and indicates he opposes the granting of bond for the Defendant.

**WHEREFORE**, Defendant respectfully requests that this Court reopen the detention hearing, conduct a new bond hearing, and upon consideration of the evidence presented, release Defendant upon appropriate conditions including electronic monitoring.

Respectfully submitted,

WAGERMAN KATZMAN

3

BY: *s/ Howard L. Wagerman*
Howard L. Wagerman #006773
Attorney for Defendant
Suite 1313, 200 Jefferson Avenue
Memphis, Tennessee 38103
(901) 527-0644

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon opposing counsel, by electronic means via the Court's electronic filing system, on the 11th day of June, 2026.

*s/ Howard L. Wagerman*